IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00073-MR

| | |
|---|---|
| HERRMANN INTERNATIONAL, INC. and HERRMANN GLOBAL, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) **O R D E R** ) |
| HERRMANN INTERNATIONAL EUROPE, HERRMANN TECHNOLOGIE, BRAIN RESSOURCES, and LIONEL MARC VUILLEMIN, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court *sua sponte* after review of the Plaintiffs' Motion for Default Judgment Against Defendants. [Doc. 68].

The Plaintiffs Herrmann International, Inc. ("HI") and Herrmann Global, LLC, (HG") filed this action against the Defendants Herrmann International Europe ("HIE"), Herrmann Technologie ("HT"), Brain Ressources ("BR"), and Lionel Marc Vuillemin ("Vuillemin"). [Doc. 43 at ¶¶ 3-6]. HIE, HT, and BR are corporations organized, registered, and doing business in France. [Doc. 45 at 17-18]. Vuillemin is a French resident who serves as the President of HIE and HT and controls BR. [Id.].

The Plaintiffs allege that the Defendants breached a contract between the parties; are using the Plaintiffs' copyrights, trademarks, trade secrets without authorization; are interfering with the Plaintiffs' contracts with clients; and are interfering with the Plaintiffs' efforts to obtain new clients. [Doc. 68-1]. After the Defendants stopped defending this action, the Plaintiffs filed for default judgment against the Defendants on various claims under state and federal law, including (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; (2) copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*; and (3); misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836 *et seq.* ("DTSA"). [Id. at 7-17].

The Plaintiffs' Amended Complaint alleges that the Defendants are residents and citizens of France, operate businesses in "key European markets, specifically including France[,]" and stole intellectual property from the Plaintiffs using "an IP address in France." [Doc. 43 at ¶¶ 3-6, 26, 32]. As such, the Plaintiffs' allegations show that most, if not all, of the alleged infringing acts occurred in France. As a general matter, however, "the Copyright Act is considered to have no extraterritorial reach." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 306 (4th Cir. 2012) (citing Nintendo of Am., Inc. v. Aeropower Co., 34 F.3d 246, 249

n. 5 (4th Cir. 1994)).¹ Likewise, [w]hile a court may issue an injunction having extraterritorial effect in order to prevent trademark violations under the Lanham Act," it can do so only where the extraterritorial conduct has "a significant effect on United States commerce, and then only after consideration of the extent to which the citizenship of the defendant, and the possibility of conflict with trademark rights under the relevant foreign law might make issuance of the injunction inappropriate in light of international comity concerns." Nintendo of Am., Inc., 34 F.3d at 250 (citing Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 642 (2d Cir. 1956)). Moreover, an extraterritorial claim can be brought under the Defend Trade Secrets Act only where "an act in furtherance of the offense was committed in the United States." 18 U.S.C. § 1837; see also Motorola Sols., Inc. v. Hytera Commc'ns Corp., 436 F. Supp. 3d 1150, 1157-68 (N.D. Ill. 2020) (collecting cases analyzing the extraterritoriality of the Defend Trade Secrets Act).

As a result of the Defendants' default, the factual allegations set forth in the Amended Complaint are deemed admitted. This, however, does not necessarily entitle the Plaintiffs to a judgment in their favor. It remains

---

¹ An exception to this general rule comes from "the predicate-act" doctrine, which states that "[o]nce a plaintiff demonstrates a domestic violation of the Copyright Act, . . . it may collect damages from foreign violations that are directly linked to the U.S. infringement." Id. at 307.

incumbent upon the Plaintiffs to demonstrate that the facts established as a result of the Defendants' default result in liability to the Plaintiffs. The Plaintiffs in their Motion for Default Judgment, however, provide no support for the proposition that the extraterritorial actions of the Defendants give rise to liability or how the Defendants' alleged conduct was linked to, occurred in, or affected commerce in the United States. As such, Plaintiffs have not established their entitlement to a default judgment.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiffs shall submit supplemental briefing to the Court as to whether the Lanham Act, the Copyright Act, or the DTSA apply to the Defendants' alleged conduct in this case. Specifically, the briefing should address the specific allegations of infringement that are linked to, occurred in, or affected commerce in the United States, as well as the other factors that are pertinent to whether the Lanham Act, the Copyright Act, and the DTSA can be applied extraterritorially based on the facts set forth here. The Plaintiffs shall have through and including **September 25, 2020** to file their supplemental brief on this issue, which shall not exceed ten (10) pages.

**IT IS SO ORDERED.**

Signed: September 14, 2020

Martin Reidinger
Chief United States District Judge